**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 25 2013, 6:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM BYER, JR.**
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CORNELIOUS ELLIOTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1212-CR-1006 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis Carroll, Judge
Cause No. 48C01-1101-FC-93

**June 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On March 5, 2012, Appellant-Defendant Cornelious D. Elliott was placed on probation after he pled guilty to one count of Class D felony strangulation. Elliott was subsequently alleged to have violated the terms of his probation. Following a probation revocation hearing, the trial court found that Elliott had violated the terms of his probation by committing the criminal act of resisting law enforcement, failing to verify his employment, failing to complete an anger management treatment program, and failing to pay certain costs and fees. On appeal, Elliott claims that the evidence presented during the probation revocation hearing was insufficient to sustain the trial court's determination that he violated the terms of his probation. Concluding otherwise, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On January 14, 2011, the State charged Elliott with one count of Class C felony battery resulting in bodily injury and one count of Class D felony strangulation. On February 6, 2012, Elliott pled guilty to the strangulation count. In exchange for Elliott's guilty plea, the State agreed to dismiss the battery count and to recommend that the executed portion of his sentence be limited to time served. The trial court accepted Elliott's guilty plea and, on March 5, 2012, sentenced Elliott to 1095 days with 430 days executed and 665 days suspended to probation.

On July 12, 2012, Anderson Police Officer Douglas Rolfs received a report from Mercedes Allen that Elliot had entered her residence without permission; ignored several requests that he leave; knocked her to the ground; pulled her hair, causing her pain; and taken a pair of athletic shoes and a box of diapers. After receiving Allen's report, police attempted,

but were unable, to locate Elliott. A warrant was subsequently issued for Elliott's arrest.

On August 31, 2012, Anderson Police Sargent Steve Denny was on patrol when he drove past and saw Elliott walking northbound. Sargent Denny was aware that there was an active warrant for Elliott's arrest, so he turned his marked police cruiser around and approached Elliott. Sargent Denny followed as Elliott turned to walk eastbound down an alley. Once Sargent Denny got to within fifteen or twenty feet of Elliott, he yelled "Cornelious, stop." Tr. p. 47. Elliott then turned and looked at Sargent Denny before he "took off running." Tr. p. 47. Officers subsequently attempted, but were unable, to locate Elliott.

On or about October 8, 2012, the Madison County Probation Office filed a notice of Violation of Probation, in which it alleged that Elliott had violated the terms of his probation by committing a number of new criminal offenses, including battery, residential entry, theft, and resisting law enforcement; failing to complete an anger management treatment program; failing to maintain and verify employment; failing to pay certain costs and fees; and failing to pay child support. The trial court conducted a probation revocation hearing on November 19, 2012. During the probation revocation hearing, Officer Rolfs testified about the report made by Allen concerning the events that allegedly took place on July 12, 2012. Allen testified and recanted her claims that Elliott had entered her home, battered her, and stole from her. Sargent Denny also testified about his interactions with Elliott on August 31, 2012.

At the conclusion of the hearing, the trial court found that Elliott had violated the terms of his probation by committing the new offense of resisting law enforcement, failing to

3

verify his employment, failing to pay certain costs and fees, and failing to complete an anger

management treatment program.[1]  In light of these violations, the trial court found that Elliott

was "not a good candidate for probation."  Tr. p. 79.  The trial court revoked Elliott's

probation and ordered that he serve his previously-suspended 665-day sentence.  This appeal

follows.

## DISCUSSION AND DECISION

Elliott contends that the evidence presented during the probation revocation hearing

was insufficient to sustain the trial court's determination that he violated the terms of his

probation.

> Probation is a matter of grace left to trial court discretion, not a right to
> which a criminal defendant is entitled.  The trial court determines the
> conditions of probation and may revoke probation if the conditions are
> violated.  Once a trial court has exercised its grace by ordering probation rather
> than incarceration, the judge should have considerable leeway in deciding how
> to proceed.  If this discretion were not afforded to trial courts and sentences
> were scrutinized too severely on appeal, trial judges might be less inclined to
> order probation to future defendants.  Accordingly, a trial court's sentencing
> decisions for probation violations are reviewable using the abuse of discretion
> standard.  An abuse of discretion occurs where the decision is clearly against
> the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted).

> A probation revocation hearing is in the nature of a civil proceeding.
> Therefore, an alleged violation of probation only has to be proven by a
> preponderance of the evidence.  When we review the determination that a
> probation violation has occurred, we neither reweigh the evidence nor reassess
> witness credibility.  Instead, we look at the evidence most favorable to the
> [trial] court's judgment and determine whether there is substantial evidence of
> probative value supporting revocation.  If so we will affirm.

---

[1]  The trial court made no findings regarding the battery, residential entry, and theft charges.

*Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citations and quotations omitted).

Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

(a) The court may revoke a person's probation if:
   (1) the person has violated a condition of probation during the probationary period;
                    ****
(g) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
   (1) Continue the person on probation, with or without modifying or enlarging the conditions.
   (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
   (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). Moreover, when the alleged probation violation is the commission of a new crime, the State does not need to show that the probationer was convicted of a new crime. *Whatley*, 847 N.E.2d at 1010. The trial court need only find that the evidence establishes beyond a preponderance of the evidence that the defendant violated a criminal law. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013).

Here, the trial court found that Elliott violated the terms of his probation by committing a new criminal offense, failing to verify his employment, failing to complete an anger management treatment program, and failing to pay certain costs and fees. With respect to Elliott's commission of a new criminal offense, the trial court found and the record

5

established that on August 31, 2012, Elliott committed the offense of resisting law enforcement. "A person who knowingly or intentionally: … (3) flees from a law enforcement officer after the officer has, by visible or audible means, … identified himself or herself and ordered the person to stop; commits resisting law enforcement." Ind. Code § 35-44.1-3-1.

In finding that the evidence was sufficient to prove by a preponderance of the evidence that Elliott resisted law enforcement, the trial court considered the testimony of Sargent Denny and Elliott. Sargent Denny testified that on the date in question, he was aware that there was an active warrant out for Elliott's arrest. While on patrol, Sargent Denny saw Elliott walking northbound. Upon seeing Elliott, Sargent Denny turned his marked police cruiser around, pulled his cruiser within fifteen to twenty feet of Elliott, and audibly instructed Elliott to stop. Elliott then turned and "looked right at" Sargent Denny before he "took off running." Tr. p. 47.

For his part, Elliott admitted that he ran from Sargent Denny but claimed that he did not hear Sargent Denny tell him to stop. The trial court, however, stated that it believed Sargent Denny's testimony regarding his interaction with Elliott to be more credible than Elliott's version of his interaction with Sargent Denny. Elliott's act of turning around and looking at Sargent Denny immediately after Sargent Denny instructed Elliott to stop supports the reasonable inference that Elliott heard Sargent Denny's command. Further, in admitting that he ran from Sargent Denny, Elliott did not show remorse and even indicated that he would likely run from police again in the future. Specifically, Elliott stated "I am guilty [of]

6

running from the police, yes I did run from him. [Would] I do it again? I probably would if I had another warrant." Tr. pp. 72-73.

Upon review, we conclude that Sargent Denny's testimony, coupled with Elliott's admission that he was guilty of running from the police, demonstrates by a preponderance of the evidence that Elliott committed the offense of resisting law enforcement on August 31, 2012. Because the violation of even a single condition of one's probation is sufficient to revoke probation, we need not consider whether the State sufficiently proved the remaining probation violations. *See Wilson*, 708 N.E.2d at 34 (providing that the violation of even a single condition is sufficient to revoke probation).

Furthermore, even though we need not determine whether the evidence is sufficient to sustain the trial court's determination that Elliott also violated the terms of his probation by failing to verify his employment, complete an anger management treatment program, and pay certain costs and fees, we note that Elliott admitted that he committed these violations during the probation revocation hearing. On appeal, Elliott merely claims that his violation of these terms was a result of Allen's act of making allegedly false accusations against him and, as a result, the violation of these terms should not be held against him. We disagree. The record demonstrates that Elliott chose to violate each of the above-stated terms, knowing that any violation could result in the revocation of his probation.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.

7