**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 30 2014, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUSSELL MURRAIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 54A04-1403-CR-93 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable David A. Ault, Judge
Cause No. 54D01-1304-FD-1294

**September 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On April 12, 2013, Appellee-Plaintiff the State of Indiana ("State") charged Appellant-Defendant Russell Murrain with Class D felony possession of a syringe, Class D felony possession of a narcotic drug, and Class A infraction operating without insurance. Murrain was subsequently placed on probation after he pled guilty to one count of Class D felony possession of a narcotic drug. Soon thereafter, Murrain was alleged to have violated the terms of his probation. Following a probation revocation hearing, the trial court found that Murrain had violated the terms of his probation by failing to report to and cooperate with his probation officer as directed, failing to enroll in a home detention program within seven days, and committing the new offense of Class D felony possession of a syringe. On appeal, Murrain contends that the trial court abused its discretion in ordering him to serve the remaining 1075 days of his previously-suspended, three-year sentence. Concluding otherwise, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 12, 2013, the State charged Murrain with Class D felony possession of a syringe, Class D felony possession of a narcotic drug, and Class A infraction operating without insurance. On August 8, 2013, Murrain pled guilty to Class D felony possession of a narcotic drug. In exchange for Murrain's guilty plea, the State agreed to dismiss the remaining charges and to recommend that Murrain's sentence be served on electronically monitored home detention. The trial court accepted Murrain's guilty plea and sentenced Murrain to three years of incarceration, with credit for time served and the remainder

2

suspended to probation. Pursuant to the terms of his probation, Murrain was ordered to report to and cooperate with his probation officer as directed. Murrain was also ordered to serve one year on home detention and to enroll in home detention within seven days.

On August 30, 2013, the State filed a petition to revoke or modify probation, in which it alleged that Murrain had failed to report to his probation officer and to enroll in a home detention program within seven days as directed. That same day, the trial court issued a warrant for Murrain's arrest. Murrain was subsequently charged with the new offense of Class D felony possession of a syringe after he was found to be in possession of a hypodermic syringe when the above-mentioned arrest warrant was served on September 20, 2013.

The trial court conducted a combined guilty plea and probation revocation hearing on February 20, 2014. During the probation revocation hearing, Murrain pled guilty to the Class D possession of a syringe charge and admitted that he had violated the terms of his probation by failing to report to his probation officer as directed and to enroll in the home detention program within seven days. At the conclusion of the hearing, the trial court found that Murrain had violated the terms of his probation by failing to report to his probation officer as directed, failing to enroll in a home detention program within seven days, and committing the new offense of Class D felony possession of a syringe. Upon finding that Murrain had violated the terms of his probation, the trial court revoked Murrain's probation and ordered

3

him to serve the remaining 1075 days of his previously-suspended, three-year sentence.[1] This

appeal follows.

## DISCUSSION AND DECISION

Murrain contends that the trial court abused its discretion in ordering him to serve his

entire previously suspended, three-year sentence.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted).

> A probation revocation hearing is in the nature of a civil proceeding. Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. Instead, we look at the evidence most favorable to the [trial] court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so we will affirm.

*Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citations and quotations

omitted).

Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

---

[1] With respect to the new Class D felony possession of a syringe charge, the trial court sentenced Murrain to a term of three years and ordered that the sentence be served consecutive to the sentenced imposed relating to the probation violation.

4

(a) The court may revoke a person's probation if:

> (1) the person has violated a condition of probation during the probationary period;

****

(h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Here, Murrain admitted, and the trial court found, that he violated the terms of his probation by failing to report to his probation officer and to enroll in the home detention program within seven days. The trial court also found that Murrain had violated the terms of his probation by committing the new offense of Class D felony possession of a syringe. In ordering Murrain to serve his previously-suspended, three-year sentence, the trial court stated the following:

> Last August this Court placed you on suspended sentence with the terms to be that you were to be on home detention, and um, released from custody on the assurances that that would happen and it did not. So that was pretty consistent with the track record that you've established in the local criminal justice system from your juvenile days on up to your adult days in that there have been multiple probations, and those have been violated over and over, with no apparent progress on your part toward addressing your issues and dealing with them effectively. Now you sat for a longer period of time and have suggested today a spiritual awakening that occurred in the jail and I'm sure you understand that those are always highly suspect, but it sounds good, and whether its sincere and lasting is an open chapter at this point, so if it's

genuine and real I commend you because it's going to serve you well, but it doesn't change the past. No community based supervision has been lasting or effective and that's what the Court accepted with the last plea agreement, which called for home detention in lieu of any executed time, so that's why you were on a suspended sentence. Given the immediate failure of that, the only alternative is to have you serve out the sentence for Possession of a Narcotic Drug, and you'll be given credit for the time you originally had served, which was 20 days, with credit time, as well as the 153 days that you've accrued so far, and that will be executed time…. The Court is going to recommend … that you be admitted to a therapeutic community with Department of Corrections, which generally means the Cliff Program.[2] The Court will grant you a modification hearing … if you complete a therapeutic community, successfully, and if you maintain a clear conduct record with the DOC. So, Mr. Murrain, I'm placing back on, in your lap, as far as what happens next. You can serve out all this time and not come back out under any court supervision or terms, or programs, or you can take advantage of whatever the State will allow you to participate in and earn your way back out sooner, and once you do that then I think you'd be a good candidate to move on to something like Odyssey House. Something transitional to allow you to get your feet on the ground and live in a sober community, and learn how to live clean, because that's, we can take the drugs away, pretty much, but you've got to acquire the skills and tools and things you need to live without them, and you haven't done that yet, and you can't do that as long as you're going to associate with the using community, and that's what's been a constant in your life. So I'm going to quit talking about it, because it really comes down to a lot of hard [work] on your part to prove yourself, and if you're willing to put that in, then you can erase a lot of this, a lot of this that has already happened as far as how the courts have to respond to it, but you've really pretty much closed up your options here. It will only take, it will be on you to change that situation by what you do after today.

Tr. pp. 34-37.

In arguing that the trial court abused its discretion in ordering him to serve the remaining 1075 days of his previously-suspended, three-year sentence, Murrain claims that the trial court should have given greater consideration to his change of attitude and life.

---

[2] CLIFF stands for "Clean Lifestyle is Freedom Forever" and is a specialized intensive substance abuse treatment program that was developed and implemented by the DOC. *See*

6

Specifically, Murrain points to the fact that he had detoxed during the time that he had been incarcerated and had realized that he "want[ed] help" with his addiction. Tr. p. 26. In making this claim, Murrian is merely requesting this court to substitute our judgment for that of the trial court, which we will not do without a showing of abuse of the trial court's discretion. Indiana Code section 35-38-2-3(h) provides that if the trial court determines that a person has violated the terms of their probation, the trial court may "[o]rder execution of *all* or part of the sentence that was suspended at the time of initial sentencing." (Emphasis added). Thus, pursuant to the clear language of Indiana Code section 35-38-2-3(h), the trial court acted within its discretion in ordering execution of the remaining 1075 days of Murrain's suspended sentence. Concluding that the trial court did not abuse its discretion in ordering Murrain to serve the remaining 1075 days of his suspended sentence following his violation of the terms of his probation, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.

---

http://www.in.gov/idoc/2357.htm (last visited September 15, 2014).