**Kevin L. WILSON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9804–CR–385.

Court of Appeals of Indiana.

March 29, 1999.

---

In May 1996, Wilson pled guilty to battery and criminal confinement. His sentence was suspended and he was placed on probation for 18 months. Wilson was informed of and acknowledged that he understood the conditions and terms of his probation. On February 6, 1998, the probation department filed a notice of probation violation.[1] The trial court held an evidentiary hearing on March 3, 1998, to determine whether to revoke Wilson's probation. At the conclusion of the hearing, the court stated its finding that Wilson had violated his probation. After a sentencing hearing, the court ordered Wilson to serve his 18 month sentence in the department of correction. Wilson appeals.

## I.

### Written Statement

■ Wilson contends that the trial court violated due process requirements by failing to set forth in writing the evidence relied upon and the reasons for his probation revocation. Probation revocation is governed by IND.CODE § 35–38–2–3(a) (1998), which provides, "The court may revoke a person's probation if . . . the person has violated a condition of probation during the probationary period[.]" Due process requires a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. *Hubbard v. State,* 683 N.E.2d 618, 620 (Ind.Ct.App.1997). However, a trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing, is sufficient to satisfy this requirement. *Clark v. State,* 580 N.E.2d 708, 711 (Ind.Ct.App.1991).

■ In this case, the trial court adequately set forth its reasons for revoking Wilson's probation in an oral statement. At the close of the evidentiary hearing, the judge stated, in relevant part, "With respect to the issue of possession and possessory type offenses, . . . I'd find that State has met its burden of proof and find the defendant has violated the

Mark Maynard, Decker, Lawyer & Maynard, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Kevin L. Wilson appeals an order of the trial court revoking his probation. Wilson presents one issue for our review, which we restate as two:

I.  Whether the trial court violated Wilson's due process rights by failing to issue a written statement containing the evidence relied upon and reasons for revoking Wilson's probation.

II. Whether the evidence relied upon by the trial court was sufficient to revoke Wilson's probation.

We affirm.

---

1. The probation department notified Wilson that he violated the conditions of his probation by committing the criminal offenses of receiving stolen property and carrying a handgun without a license, failing to participate in and failing to notify the probation department of participation in an anger-control treatment program, failing to pay a contribution to the PAL Club, failing to pay probation fees, failing to report to his probation officer, and failing to pay court costs.

terms and conditions of his probation as alleged in Item 3A, 3B, 3C, D, E, and F and G[.]" This statement by the judge clearly indicated the reason for Wilson's probation revocation—that Wilson had committed each of the violations alleged by the probation department. It is also clear from the statement that the judge relied upon the State's evidence concerning Wilson's possession of stolen property and possession of a handgun without a license. Because this statement was reduced to writing in the transcript of the evidentiary hearing, we hold that due process was not violated by the trial court's failure to issue a separate writing setting forth these elements.

## II.

### Sufficiency of the Evidence

■ Although he did not brief the issue, Wilson stated in his appellant's brief that he would challenge the sufficiency of the evidence supporting his probation revocation following remand to the trial court for a written statement setting forth the reasons for and facts underlying the probation revocation.[2] However, because we held that due process was satisfied by the trial court's oral statement in the transcript, and remand is not necessary, we will address Wilson's sufficiency argument in this opinion, waiver notwithstanding.

■ As set forth above, probation revocation is governed by IC 35–38–2–3. A revocation hearing is in the nature of a civil proceeding, and the alleged violation need be proven only by a preponderance of the evidence. *Isaac v. State*, 605 N.E.2d 144, 146 (Ind.1992), *cert. denied*, 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993). Violation of a single condition of probation is sufficient to revoke probation. *Hubbard*, 683 N.E.2d at 622.

■ When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995), *reh. denied*. We look to the evidence

and the reasonable inferences therefrom that support the judgment. *Id.*

■ The State presented sufficient evidence to support the probation revocation. Specifically, the State's evidence was sufficient to show that Wilson was in possession of a handgun, which was stolen, and that Wilson did not have a license for that handgun. The State's evidence revealed that Wilson was arrested on an outstanding warrant. The arresting officer searched Wilson and found two magazine clips on Wilson's person. Those clips matched a handgun found later in an inventory search of the car in which Wilson was sitting, alone in the driver's seat. The gun turned out to be stolen, and Wilson admitted not having a license for the gun. This was enough evidence to establish, by a preponderance of the evidence, that Wilson had possession of stolen property and that he was in possession of a handgun without a license. Therefore, the evidence was sufficient to support the revocation of Wilson's probation based on his commission of an additional crime. The trial court did not err in ordering the revocation.

Affirmed.

BROOK, J., concur.

RILEY, J., concurs in result.

---

2. Wilson's failure to brief this issue results in      waiver. Ind. Appellate Rule 8.3(A)(7).