Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2012, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T.WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRY MOSS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1112-CR-1148 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark Rogers, Judge
The Honorable Valerie C. Horvath, Commissioner
Cause No. 49G17-1009-FD-68228

**August 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Jerry Moss appeals the revocation of his placement in community corrections. Moss raises one issue, which we revise and restate as whether the evidence is sufficient to revoke Moss's placement in community corrections. We affirm.

The relevant facts follow. On October 12, 2010, Moss pled guilty to strangulation as a class D felony. The court sentenced Moss to 1,095 days with 831 days served at the Department of Correction and 180 days at the Marion County Community Corrections Program.[1] On November 22, 2011, Moss left his residence on multiple occasions. At 5:30 p.m. that day, Rebecca Remillard, Moss's prior case manager, called Moss and told him to return to his residence and that he could not leave without permission. Later that day, Moss left his residence at 5:56 p.m. and returned at 7:00 p.m. and left again at 8:34 p.m. and returned at 10:56 p.m. The following day, Jenna Morrow, Moss's case manager, told Moss that he was not to leave.

On November 23, 2011, the Marion County Community Corrections filed a notice of community corrections violation alleging in part that Moss left his residence unscheduled on four separate occasions on November 22, 2011.[2]

---

[1] The court awarded Moss credit time of eighty-four days.

[2] Specifically, the notice alleged that Moss:

1. left his residence unscheduled on 11/22/2011 at 9:25 AM and returned at 1:27 PM.
2. left his residence unscheduled on 11/22/2011 at 3:00PM and returned at 4:55 PM.
3. left his residence unscheduled on 11/22/2011 at 5:56 PM and returned at 7:00 PM.
4. on 11/22/2011 at 8:31 PM, the defendant's GPS equipment sent a "Tracker Battery Low" alert.
5. left his residence unscheduled on 11/22/2011 at 8:34 PM and returned at 10:56 PM.
6. on 11/22/2011 at 9:00 PM, the defendant's GPS equipment sent a "Tracker Shutdown" alert . . . therefore, his whereabouts could not be monitored.
7. on 11/22/2011 at 10:07 PM, the defendant's GPS equipment sent a "Tracker Missed Call" alert.
8. failed to comply with monetary obligation.

On November 28, 2011, the court held a revocation hearing, and Moss admitted the allegations. Donald Ellis, Moss's stepfather, testified that he was with Moss on November 22, that it was his understanding that Moss had been given permission to help him move, and that the device on Moss's ankle never worked well. Ellis testified that the manager of Moss's case manager called Moss on November 22 and told Moss to return to his residence and that Moss threw Ellis the cell phone and stated, "she's yelling at me, Pops." Transcript at 7. Ellis talked to the manager and told her to "watch her damned attitude," "cussed her," and told her "to take her attitude and stuff it somewhere." Id. Moss testified that he was under the impression that he had permission to leave his residence. Moss also stated that he "had a couple calls with some people" and "explained what am I supposed to do?" Id. at 11. At the end of the hearing, the trial court accepted Moss's admission of the eight violations and stated:

> Mr. Moss, the problem is even . . . even if we assume that what . . . everything you testified to and Mr. Ellis testified to is true, it looks like you may have had permission to help him move during the day. But when you got that phone call at 5:30 that said you couldn't leave your house, you needed to go back to your house. And then you got a second phone call at 8:00 that said you needed to go home, you needed to go home again. And didn't go home until 11:00. So at that point the only misunderstanding was your own on what you were entitled to do. Because of that, the Court revokes your sentence and sentences you to serve the remainder of your executed sentence in the Marion County Jail.

Id. at 16. The court sentenced Moss to 180 days.

The issue is whether the evidence is sufficient to revoke Moss's placement in community corrections. For purposes of appellate review, we treat a hearing on a petition

Appellant's Appendix at 40.

3

to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999), reh'g denied. Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction and both are made at the sole discretion of the trial court. Id. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Id. Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." Id. (quoting Million v. State, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995)). Ind. Code § 35-38-2.6-5 provides:

> If a person who is placed under this chapter violates the terms of the placement, the court may, after a hearing, do any of the following:
>
> (1) Change the terms of the placement.
>
> (2) Continue the placement.
>
> (3) Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. Cox, 706 N.E.2d at 551. A probation hearing is civil in nature and the State need prove the alleged violations only by a preponderance of the evidence. Id. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. Id. The violation of a single

4

condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Moss argues that his explanation was more than mitigating and that "in light of his explanation for his absence, the trial court abused his discretion by not finding the explanation to render his admission a complete defense to the violation." Appellant's Brief at 5. Moss also argues that similar to a guilty plea with a protestation of innocence, "the trial court abused its discretion in not finding Mr. Moss's explanation regarding his absence from his residence to be a complete explanation, or a complete defense to the violation so much so as to have rendered the violation moot." Id. The State argues that even if Moss thought that he had permission to leave his residence on November 22 then such permission only applied to trips prior to the phone call from Remillard.

The record reveals that Remillard called Moss at 5:30 p.m. on November 22, 2011, and told him to return to his residence and that he could not leave without permission. Later that day, Moss, by his own admission, left his residence at 5:56 p.m. and returned at 7:00 p.m. and left again at 8:34 p.m. and returned at 10:56 p.m. Based upon the facts most favorable to the trial court's judgment, we conclude that the State proved the alleged violation by a preponderance of the evidence and that the trial court did not err in revoking Moss's placement in community corrections.

For the foregoing reasons, we affirm the trial court's revocation of Moss's placement in community corrections.

Affirmed.

FRIEDLANDER, J., and DARDEN, Sr. J., concur.