**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**T. MICHAEL CARTER**
Scottsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW MACHI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 36A04-1203-CR-166 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE JACKSON CIRCUIT COURT**
The Honorable William E. Vance, Judge
Cause No. 36C01-0209-FB-35

**October 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Andrew Machi appeals the revocation of his probation. Machi raises one issue which we revise and restate as whether the State timely filed its notice of violation. We affirm.

The relevant facts follow. On June 17, 2004, Machi pled guilty to dealing in a controlled substance as a class B felony in Jackson County, Indiana. On July 16, 2004, the court sentenced Machi to ten years with four years suspended to probation. Machi began serving his probation on May 24, 2007. At some point, Machi transferred his probation to the State of California. Carrie Tormoehlen, Machi's probation officer in Indiana, received a notice of arrival informing her that Machi had arrived in California for supervision.

In February 2011, Machi committed burglary and theft in Oregon, and was convicted for these offenses on March 29, 2011. At some point, Tormoehlen had not received a case closure notice from California and sent a request for a case closure but did not receive a response. On October 4, 2011, Tormoehlen discovered the burglary that Machi had committed by having a records check run through the Jackson County Sheriff's Department.

On October 20, 2011, the State filed a petition to revoke probation alleging that Machi committed new criminal offenses in Oregon between February 11 and 13, 2011, and that he was convicted on March 29, 2011. On January 18, 2012, Machi filed a motion to dismiss probation revocation and requested dismissal "for the reason that California as the agent for Jackson County, Indiana released [Machi] from probation on July 16, 2008." Appellant's Appendix at 16.

On March 5, 2012, the court held a hearing, and Machi's counsel withdrew the motion to dismiss at the beginning of the hearing. Machi testified that he was told by a probation officer in California that his probation was finished, but that he was informed by the trial court that his probation would be four years and that the Interstate Commission for Adult Offender Supervision listed the termination of supervision date as May 24, 2011. The court revoked Machi's probation and ordered that the suspended sentence of four years be executed.

The issue is whether the State timely filed its notice of violation. Generally, a probation revocation hearing is civil in nature, and the State needs to prove the alleged violations by a preponderance of the evidence. Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999), reh'g denied. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. Id. The violation of a single condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

The issue of compliance with notice requirements is a procedural matter to be determined before trial by the court. Clark v. State, 958 N.E.2d 488, 491 (Ind. Ct. App. 2011) (citing Louth v. State, 705 N.E.2d 1053, 1059 (Ind. Ct. App. 1999), reh'g denied, trans. denied). Accordingly, the determination of when the State received notice of an alleged probation violation is left to the sound discretion of the trial court. Id. at 491-492.

Ind. Code § 35-38-2-3(a) provides:

3

The court may revoke a person's probation if:

> (1)     the person has violated a condition of probation during the probationary period; and

> (2)     the petition to revoke probation is filed during the probationary period or *before the earlier of the following*:

>> (A)     One (1) year after the termination of probation.

>> (B)     *Forty-five (45) days after the state receives notice of the violation*.

(Emphases added). The forty-five-day deadline is only triggered in cases where the State received notice of the violation less than forty-five days before the defendant's probationary term expired or after the term expired. Clark, 958 N.E.2d at 492.

Machi argues only that "[t]he record in this case is devoid of evidence as to whether the State promptly presented its claim within 45 days of receiving notice of Machi's probation violation in Oregon." Appellant's Brief at 8. The State argues that Machi's probation officer in Indiana discovered on October 4, 2011, that Machi committed the crimes of burglary and theft and filed a petition to revoke Machi's probation sixteen days later on October 20, 2011.

The record reveals that Machi's probation officer first discovered on October 4, 2011, the February 2011 burglary that Machi had committed by having a records check run through the Jackson County Sheriff's Department. The State filed a petition to revoke probation sixteen days later on October 20, 2011. Accordingly, we conclude that the State met the requirement in Ind. Code § 35-38-2-3(a)(2)(B) that the petition to

revoke probation be filed before forty-five days after the State receives notice of the violation.

For the foregoing reasons, we affirm the trial court's revocation of Machi's probation.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.