**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 28 2014, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Asst. to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHARLES E. DECKER,                    )
                                      )
    Appellant-Defendant,              )
                                      )
        vs.                        )    No. 84A01-1401-CR-19
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.               )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1006-MR-1972

**July 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On June 10, 2010, Appellee-Plaintiff the State of Indiana ("State") charged Appellant-Defendant Charles E. Decker with murder. Decker subsequently pled guilty to the lesser-included charge of Class C felony battery with a deadly weapon. On June 6, 2012, the trial court accepted Decker's guilty plea and sentenced him to a term of eight years, with four years executed in the Indiana Department of Correction ("DOC") and the remaining four years suspended to probation. Decker has since been released from the DOC and placed on probation. Since the time that Decker was released to probation, the State has filed numerous notices of probation violations committed by Decker.

On November 5, 2013, the State filed a notice of probation violation, alleging that Decker violated the terms of his probation by leaving his sober-living facility without permission and testing positive for alcohol. Decker subsequently admitted that he violated the terms of his probation. After determining that Decker had in fact violated the terms of his probation, the trial court revoked Decker's suspended sentence and ordered Decker to serve the previously-suspended four-year sentence in the DOC. On appeal, Decker contends that the trial court abused its discretion in ordering him to serve his previously-suspended four-year sentence in the DOC. Concluding otherwise, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On June 10, 2010, the State charged Decker with murder. On May 10, 2012, Decker pled guilty to the lesser-included offense of Class C felony battery. The trial court subsequently accepted Decker's guilty plea and sentenced him to a term of eight years, with

four years executed in the DOC and the remaining four years suspended to probation. As a condition of his probation, Decker was ordered not to consume any alcoholic beverages or possess or use any controlled substance, unless prescribed by a licensed medical practitioner. Decker was also ordered to pay certain fees, submit to drug and alcohol screens, complete anger-management counseling, and either obtain gainful employment or enroll in an educational program.

On October 16, 2012, the State filed a probation revocation notice which alleged that Decker had violated the terms of his probation by failing to pay required fees. The trial court reset a hearing that was scheduled on the probation violation after Decker paid $100 toward the required fees. Decker subsequently failed to appear for a January 18, 2013 review hearing on the matter. In light of Decker's failure to appear at the review hearing, the trial court issued a bench warrant for Decker's arrest.

On January 23, 2013, the State filed a second probation violation notice which alleged that Decker had violated the terms of his probation by failing to report for a drug screen and to obtain gainful employment or enroll in an educational program. The trial court subsequently reset the matter for review after Decker began reporting to alcohol and drug screens, began attending anger management courses, and enrolled in school.

On May 10, 2013, the State filed a third probation violation notice which alleged that Decker had violated the terms of his probation by failing to report for a March 20, 2013 drug screen, testing positive for methamphetamine on two occasions, failing to complete anger management counseling, and missing an appointment with his alcohol and drug counselor. A

3

bench warrant was issued for Decker's arrest after he failed to appear for an initial hearing on the third probation violation notice. On July 12, 2013, Decker filed a motion requesting the trial court to order an evaluation for placement in a sober-living environment. That same day, the trial court vacated an upcoming hearing on the third probation violation notice and ordered that Decker be evaluated for placement in a sober-living environment.

On September 24, 2013, Decker admitted the allegations contained in the third probation violation notice. The trial court found that Decker had violated the terms of his probation, sentenced him to time served, and returned Decker to probation. The trial court also ordered Decker to reside in the Freebirds Solution Center sober-living community and comply with his treatment through the Hamilton Center.

Three days later, on September 27, 2013, Decker left the Freebirds sober-living community without permission and did not return until November 1, 2013. On November 2, 2013, Decker was discharged from the Freebirds sober-living community after testing positive for alcohol.

On November 5, 2013, the State filed a fourth probation violation notice which alleged that Decker had violated the terms of his probation by leaving the Freebirds sober-living community without permission and testing positive for alcohol. On December 17, 2013, Decker admitted the allegations contained in the fourth probation violation notice. Upon finding that Decker had violated the terms of his probation, the trial court revoked Decker's four-year suspended sentence and ordered him to serve the entire four-year sentence in the DOC. This appeal follows.

**DISCUSSION AND DECISION**

Decker contends that the trial court abused its discretion in ordering him to serve his entire previously suspended four-year sentence in the DOC.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted).

> Indiana Code section 35-38-2-3 provides, in relevant part, as follows:
>
> (a) The court may revoke a person's probation if:
> > (1) the person has violated a condition of probation during the probationary period; and
> > (2) the petition to revoke probation is filed during the probationary period….
> > **\*\*\*\***
> (h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v.*

*State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

The record demonstrates that Decker committed numerous probation violations within approximately one year of being placed on probation. Specifically, Decker failed to timely pay required fees, timely obtain gainful employment or enroll in school, appear for drug screens, complete anger-management counseling, and refrain from using drugs or alcohol. With respect to his drug and alcohol use, Decker admitted during the revocation hearing that he vacillated between abusing methamphetamine and alcohol. He also admitted to drinking up to five days a week and self-medicating with alcohol during the month leading up to the revocation hearing. In addition, his probation officer testified that he often failed to show up for his appointments.

In ordering Decker to serve his previously suspended four-year sentence, the trial court stated the following:

> Unfortunately Mr. Decker I don't see that we have anything available to help someone like you. I mean our system is woefully inadequate locally to provide the type of counseling that you need with the alcohol and drug [use].… There's not enough supervision and touches on defendants that pursue alcohol and drug treatment locally, and by that I mean you need intensive supervision and contact with the system in order to be successful, and we don't have that here. Our system locally is set up an appointment, do whatever you do between appointments. Show up at the appointment or not show up at the appointment. It's not a condemnation, it's just a statement of fact, and in my opinion, what you need is CLIFF[1] or PLUS[2] in order to be successful. Your

---

[1] CLIFF stands for "Clean Lifestyle is Freedom Forever" and is a specialized intensive substance abuse treatment program that was developed and implemented by the DOC. *See* http://www.in.gov/idoc/2357.htm (last visited July 11, 2014).

[2] PLUS stands for the Indiana "Purposeful Living Units Serve" program. *See* http://www.in.gov/idoc/2356.htm (last visited July 11, 2014). This program is a faith and character-based re-entry initiative which offers participants alternatives for rehabilitation. *Id*. It emphasizes and focuses on strengthening spiritual, moral, and character development as well as life-skills. *Id*. Its living units are "geared

6

probation, not only in this case, but in your history, it is abysmal. Your ability to comply by terms and conditions of probation is completely inadequate and unsatisfactory with the court which indicates to me it doesn't work for you. It just doesn't work. You had three probation violations in your FB case out of this court back in 2006, uh, revoked four times in this case, uh, I mean it doesn't work. I mean sending you back to something locally is not going to work. I have no reason to believe that that's true, and so I'm revoking all of your time, and I'll tell you why I'm revoking all of your time, because as it is, I think you're just on the cusp of eligibility for either PLUS or CLIFF, but I'm revoking the entire four (4) years.… [A]nd it's going to be my strong recommendation that you be placed in CLIFF or PLUS, and that upon successful completion of that I will consider modifying you locally to either Work Release or In-Home. Uh, personally I think you need it. I think you need to be out of the same people, places, and habits that you had been in. If it works, it works, but that's my only option at this point. Personally I believe it is a good last chance to save what remains of – I mean you can have a very long and productive life. It doesn't seem like that right now. I mean alls [sic] you're hearing is [you're] going to DOC, but that's the one tool I have left in my tool box that I think is appropriate in this case and that will work in this case. I hope it does because nothing we've done so far has worked, so good luck to you, but that's the sentence of the court.

Tr. pp. 22-24.

In arguing that the trial court abused its discretion in ordering him to serve the remainder of his suspended sentence, Decker claims that the trial court had other options available to it that would more closely align with the policy favoring rehabilitation. In making this claim, Decker is merely requesting this court to substitute our judgment for that of the trial court, which we will not do without a showing of abuse of the trial court's discretion. Indiana Code section 35-38-2-3(h) provides that if the trial court determines that a person has violated the terms of their probation, the trial court may "[o]rder execution of *all*

---

towards teaching core fundamental values that challenge and focus on positive reinforcement through learned behavior." *Id*.

7

or part of the sentence that was suspended at the time of initial sentencing." (Emphasis added). Thus, pursuant to the clear language of Indiana Code section 35-38-2-3(h), the trial court acted within its discretion in ordering execution of all of Decker's suspended sentence. Concluding that the trial court did not abuse its discretion in ordering Decker to serve the remainder of his suspended sentence following his latest violation of the terms of his probation, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.