## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 22 2015, 6:05 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth L. Collins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 22, 2015

Court of Appeals Case No.
35A04-1505-CR-510

Appeal from the Huntington
Circuit Court

The Honorable Thomas M. Hakes,
Judge

Trial Court Cause No.
35C01-9906-CF-27

**Bradford, Judge.**

## Case Summary

[1] In February of 2000, Appellant-Defendant Kenneth L. Collins pled guilty to Class B felony rape and Class B felony burglary with a deadly weapon. The trial court accepted Collins's guilty plea and sentenced him to an aggregate term of thirty-six years, with twenty-six years executed in the Indiana Department of Correction ("DOC") and the remaining ten years suspended to probation. Collins has since been released from the DOC and placed on probation. Since the time that Collins was released to probation, he has had his probation revoked on two separate occasions, not counting the revocation at issue in the instant appeal.

[2] On December 31, 2014, Appellee-Plaintiff the State of Indiana (the "State") filed a petition to revoke Collins's probation, alleging that Collins had violated the terms of his probation by testing positive for oxycodone, noroxydcodone, morphine, and methamphetamine. Collins also admitted that he had used heroin. On March 16, 2015, the State filed another petition to revoke Collins's probation, alleging that Collins had violated the terms of his probation by testing positive for morphine. Collins subsequently admitted the allegations set forth in both of the revocation petitions. After determining that Collins had in fact violated the terms of his probation, the trial court revoked Collins's probation and ordered Collins to serve the remaining balance of his previously-suspended sentence in the DOC.

[3] On appeal, Collins contends that the trial court abused its discretion in ordering him to serve the remaining balance of his previously-suspended ten-year sentence in the DOC. Concluding otherwise, we affirm.

# Facts and Procedural History

[4] On February 7, 2000, Collins pled guilty to Class B felony rape and Class B felony burglary with a deadly weapon. The trial court accepted Collins's guilty plea and, on March 13, 2000, sentenced Collins to an aggregate term of thirty-six years, the last ten years of which were suspended to probation. After completing the executed portion of his sentence, Collins was released from the DOC and placed on probation.

[5] On June 7, 2011, the State filed a petition to revoke Collins's probation, alleging that Collins had violated the terms of his probation by refusing to submit to a drug screen on May 25, 2011, and testing positive for marijuana and methadone. On August 1, 2011, Collins admitted that he had committed the alleged violations and the trial court ordered Collins to serve 120 days of his previously suspended sentence. On May 31, 2013, the State filed a second petition to revoke Collins's probation, alleging that Collins had tested positive for THC. On September 9, 2013, Collins admitted that he had committed the alleged violation and the trial court ordered Collins to serve one year of his previously suspended sentence.

[6] On December 31, 2014, the State filed a third petition to revoke Collins's probation, alleging that Collins had violated the terms of his probation by testing positive for oxycodone, noroxydcodone, morphine, and methamphetamine. The petition further alleged that Collins had also admitted that he had used heroin. While the third petition was pending, on March 16,

2015, the State filed a fourth petition to revoke Collins' probation, alleging that Collins had violated the terms of his probation by testing positive for morphine.

[7] On May 18, 2015, Collins admitted the allegations set forth in both the third and fourth revocation petitions. After determining that Collins had in fact violated the terms of his probation, the trial court revoked Collins's probation and ordered Collins to serve the remaining balance of his previously-suspended sentence in the DOC. This appeal follows.

# Discussion and Decision

[8] Collins contends that the trial court abused its discretion in ordering him to serve the remaining balance of his previously suspended ten-year sentence in the DOC.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted).

[9]     Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

>    (a)    The court may revoke a person's probation if:
>
>>    (1)    the person has violated a condition of probation during the probationary period; and
>>
>>    (2)    the petition to revoke probation is filed during the probationary period....
>
> ****
>
>    (h)    If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
>>    (1)    Continue the person on probation, with or without modifying or enlarging the conditions.
>>
>>    (2)    Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>>
>>    (3)    Order execution of all or part of the sentence that was suspended
>
>    at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

The record demonstrates that, to date, Collins has admitted to violating the terms of his probation on at least four separate occasions. The trial court ordered partial execution of Collins's previously-suspended sentence following the first two violations. Collins did not refrain from committing additional violations and continued to violate the terms of his probation. In ordering Collins to serve the remaining balance of his previously-suspended ten-year sentence, following the third and fourth violations, the trial court stated:

> The Court looks at the past, and the past in this case is two petitions to revoke, the third was filed December 31st, and the fourth was filed March the 16th. Uh, I've tried. It would appear that you haven't. The Court's going to issue the remainder of the time.

Tr. p. 9.

In arguing that the trial court abused its discretion in ordering him to serve the remainder of his suspended sentence, Collins claims that he became addicted to drugs and prescription medications after sustaining a work-related injury. Collins argues that the trial court should have imposed a lesser sentence because he has acknowledged his addiction, has requested help for his addition, and incarceration will not afford him the ability to seek the treatment he desperately needs. In making this argument, however, Collins is merely requesting this court to substitute our judgment for that of the trial court, which we will not do without a showing of abuse of the trial court's discretion. Indiana Code section 35-38-2-3(h) provides that if the trial court determines that a person has violated the terms of their probation, the trial court may "[o]rder

execution of *all or part* of the sentence that was suspended at the time of initial sentencing." (Emphasis added). Thus, pursuant to the clear language of Indiana Code section 35-38-2-3(h), the trial court acted within its discretion in ordering execution of all of the remaining balance of Collins's suspended sentence.

[12] The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.