## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 7:52 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Bernice A. N. Corley<br>Marion County Public Defender Agency<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Gayles,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 16, 2016<br><br>Court of Appeals Case No.<br>49A02-1507-CR-942<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Bradley Keffer, Judge Pro Tempore<br><br>Trial Court Cause Nos.<br>49F08-1210-FD-73788<br>49F08-1211-FD-79024 |

**Baker, Judge.**

Kevin Gayles appeals the revocation of his placement in community corrections, arguing that the trial court did not specify the basis of the revocation. Finding the trial court's explanation of its reasoning sufficient, we affirm.

# Facts

On February 7, 2013, Gayles was sentenced to two consecutive terms of 545 days in Marion County Community Corrections after pleading guilty to two counts of class D felony theft. On December 22, 2014, the State filed a notice of community corrections violation against Gayles. The violation stemmed from Gayles's submission of a positive drug screen on November 15, 2014. Appellant's App. p. 66. The notice also alleged that Gayles had failed to comply with substance abuse treatment, job readiness programming, and fulfillment of his monetary obligation. *Id.* The trial court found Gayles to be in violation during a hearing on January 20, 2015, but ordered that he be returned to work release. *Id.* at 68.

On June 16, 2015, the State filed a new notice of community corrections violation, which stemmed from two separate incidents occurring in May and June 2015. On May 21, 2015, a sack lunch was confiscated from Gayles's room because possession of such food items was prohibited under the rules of Liberty Hall, the community corrections facility in which Gayles was residing. Tr. p. 27-28. Gayles later went into an office in the facility and began searching through a bag containing the confiscated items. He pulled a sack lunch out of

the bag, and was told by a staff member that he was not permitted to take the sack lunch back to his room. Gayles then pulled another sack lunch out of the bag, and was again told by the staff member that he could not take food to his room. At this point, Gayles threw the sack lunches back into the bag and angrily kicked it across the room. *Id.* at 25-26.

[4] On June 13, 2015, Gayles was allowed to assist Fred Drain, an operations counselor at Liberty Hall, in ordering from a restaurant and picking up food for the facility's residents. While Gayles was placing the order at the restaurant, a dispute arose between Gayles and a restaurant employee. Drain intervened, and Gayles became upset because Drain "was preventing him from handling his business." Tr. p. 9. While they were walking out of the restaurant, Gayles began to insult Drain, calling him a "dumb n****r." *Id.* On the drive back to the facility, Gayles pounded on the inside of the vehicle with his fists and told Drain that he would "beat [Drain's] a**." *Id.*

[5] The notice of community corrections violation filed on June 16 alleged that Gayles had violated Liberty Hall rules "regarding the unauthorized possession of food items and refusing a staff order" on May 21, and that he had violated Liberty Hall policy "regarding threatening to physically harm, harass or intimidate another person" on June 13. Appellant's App. p. 68. During a hearing on July 7, 2015, the trial court revoked Gayles's placement in community corrections, stating that it was "abundantly clear that you did violate a numbered term, . . . you shall cooperate and be respectful with any members of Liberty Hall staff, anyone conducting business for Liberty Hall, and

any visitors of the facility and fellow inmates." Tr. p. 53. The trial court ordered the balance of Gayles's sentence to be executed in the Department of Correction. Gayles now appeals.

# Discussion and Decision

[6] Gayles's sole argument on appeal is that the trial court failed to specify the basis of its revocation of his placement in community corrections.[1] Our standard of review for a revocation of community corrections placement is well settled:

> The standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. That is, a revocation of community corrections placement hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of community corrections, we will affirm its decision to revoke placement.

*McQueen v. State*, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007) (internal citations omitted).

---

[1] Gayles also argues that under this Court's decision in *Jaynes v. State*, 434 N.E.2d 923 (Ind. Ct. App. 1982), the trial court was required to state in writing the basis for revocation of his community corrections placement. However, this Court has subsequently held that "a trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing, is sufficient to satisfy this requirement." *Wilson v. State*, 708 N.E.2d 32, 33 (Ind. Ct. App. 1999).

[7] In support of his argument, Gayles contends that the trial court did not explain the factual basis for the revocation. Admittedly, the trial court could have been clearer in its description of its reasoning; however, the statement of the trial court at the end of the hearing sufficiently detailed the factors it considered. Specifically, the trial court stated that Gayles violated the requirement that he "cooperate and be respectful with any members of Liberty Hall staff, anyone conducting business for Liberty Hall, and any visitors of the facility and fellow inmates." Tr. p. 53. The trial court also noted that Gayles had entered into a strict compliance agreement after he violated the terms of community corrections in November 2014, and that unauthorized possession of a sack lunch was enough to "send you back to the Department of Corrections [sic]." *Id.* Finally, the trial court stated that its "main problem" was that Gayles "disrespected a community corrections staff order." *Id.*

[8] Considering the evidence in the light most favorable to the judgment of the trial court, we find that the trial court's statement of its basis for the revocation of Gayles's placement in community corrections was sufficiently specific.

[9] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.