## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2019, 8:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harley Bud Davidson,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

March 29, 2019

Court of Appeals Case No.
18A-CR-1806

Appeal from the Madison Circuit Court

The Honorable Mark Dudley, Judge

Trial Court Cause No.
48C06-1207-FB-1321

**Brown, Judge.**

[1] Harley Bud Davidson appeals the trial court's determination that he violated the conditions of his in-home detention. We affirm.

## *Facts and Procedural History*

[2] In March 2013, the trial court entered judgment of conviction against Davidson for attempted robbery as a class B felony and sentenced him consistent with a plea agreement to ten years with six years executed and four years suspended to probation. The court also ordered that Davidson serve three years of his executed sentence in the Department of Correction (the "DOC") and three years on in-home detention. In June 2016 the probation department filed a notice of violation of probation, and the court held a hearing in July 2016 at which Davidson admitted to violations of taking substantial steps toward the commission of the crime of maintaining a common nuisance as a level 6 felony,[1] failing to verify employment, and failing to submit a urine drug screen. In August 2016, the court held a sanctions hearing, ordered that Davidson's previously-suspended sentence of four years be revoked and executed on in-home detention, and ordered that he find and maintain employment of thirty-five or more hours per week.

[3] In January 2017, the home detention office filed a Notice of Violation of Executed Sentence. In February 2017, the court held a hearing and found that Davidson failed to pay home detention fees, submitted a drug screen which

---

[1] Davidson was charged with maintaining a common nuisance under cause number 48C06-1606-F6-1219.

tested positive for morphine, and failed to maintain or verify employment. The court ordered Davidson to obtain a new substance abuse evaluation, comply with all treatment recommendations, and provide written verification to the probation department. One of the conditions of Davidson's sentence was that he would not be at a place where illegal drugs were being used or possessed or where others were engaging in illegal activities. In October 2017, the home detention office filed a notice of violation of executed sentence alleging Davidson failed to pay home detention fees and was in arrears $2,667, and in November 2017 the court found that Davidson had failed to pay his home detention fees, stated that no putative sanctions were imposed, and ordered him to pay an additional amount toward his arrearage.

[4] On April 16, 2018, the home detention office filed a Notice of Violation of Executed Sentence, and on May 21, 2018, the home detention office filed an Amended Notice of Violation of Executed Sentence which alleged: (a) Davidson failed to maintain and/or verify employment; (b) a home visit was conducted on April 10, 2018, "and marijuana was located with the defendant's property"; (c) Davidson failed to pay home detention fees; (d) Davidson allegedly committed possession of paraphernalia on May 18, 2018; and (e) Davidson "[f]ailed to report on 05/18/18 to the Madison County Circuit Adult Probation Department for a urine drug screen." Appellant's Appendix Volume II at 162. On June 27, 2018, the trial court held a violation hearing at which Davidson admitted to the violations of (a) and (c) above and the State presented evidence. The court found that Davidson violated the conditions of his

executed sentenced for reasons (a), (b), (c), and (e) and that the State failed to prove allegation (d). The court ordered: "Four (4) years is now ordered executed at the Madison County Work Release Center. . . No return to probation." *Id*. at 18.

## *Discussion*

[5] A defendant generally is not entitled to serve a sentence in either probation or a community corrections program. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* (citing *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*). For the purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program such as home detention the same as we do a probation revocation hearing. *Id.* (citing *Cox*, 706 N.E.2d at 549). The State needs to prove the alleged violations by a preponderance of the evidence. *Id.* We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of home detention, we will affirm its decision to revoke home detention. *Id.* The violation of a single condition of home detention is sufficient to revoke home detention. *See Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

[6] Davidson argues: "It is not disputed that marijuana was found at the property defendant shared with his significant other and with whom he had been in a 4

year relationship. It was her marijuana however, and it was in a closed safe." Appellant's Brief at 10. He argues there was no showing by the State that he knew there was marijuana on the property where he lived and a requirement of knowledge of the presence of the contraband must be read into the probation term to avoid revocation for unintentional violations. He further argues that he was told to report for a drug screen "as soon as possible" which "does not automatically mean the same day" and that he was in the hospital on May 18th. *Id*. at 18. He argues the case should be remanded to redetermine the sanction without reliance on the drug violation and drug screen violation. The State maintains that it presented sufficient evidence that Davidson violated the conditions of his in-home detention and that the trial court acted well within its discretion in sanctioning him.

[7] With respect to the discovery of marijuana, the trial court found that "the State has met its burden of proof . . . by a preponderance of the evidence that marijuana was located . . . within the defendant's property," "it's pretty clear from the admission from Ms. Goins it was marijuana," "she had further testified and Mr. Davidson [agreed] with it that they resided together at the same property so as the allegation is phrased marijuana was located on defendant's property," and "so as to how it's phrased the State has met its burden of proof." Transcript Volume II at 51. The evidence most favorable to the court's judgment supports the finding that Davidson violated the condition of his placement that he not be at a place where illegal drugs were possessed.

[8]     As to the failure to submit to a drug screen, when asked if he had any knowledge regarding the allegation that Davidson failed to report on May 18th for a urine screen, Devon Burris, a probation officer, replied "yes, I actually instructed [Davidson] to report that, that day um." *Id*. at 22. When asked "[w]hen did you tell him to report for a drug screen," he replied "[a]s soon as possible." *Id*. The State elicited testimony from an employee of the probation department indicating that he worked until 2:00 p.m. on May 18, 2018, and when asked if he received any information that Davidson "was ordered to come for a urine screen on that date," the employee replied "I did. I received a text message from [Burris] that said uh we disconnected a home visit on Harley Davidson . . . and we sent him to you guys for a urine screen." *Id*. at 35. The employee indicated that Davidson did not report to the probation department on that date for a urine screen. When asked "[w]hy weren't you there again," Davidson stated "I was at uh St. John's" and "I was at the hospital," and when asked what he was being treated for at the hospital, he replied "I just felt uh sick." *Id*. at 38. Davidson indicated he was in the hospital "probably until about six . . . a night" and he "called Home Detention that Monday and uh nobody ever called me back, they just issued a warrant." *Id*. at 39. Davidson indicated he did not bring any documentation regarding his hospital visit with him to court, that he had it at home, and that he did not provide it to his probation officer. The trial court found the "uncontroverted evidence is that Mr. Davidson did not report as ordered on May 18th for a drug screen," "[h]is excuse is unavailing. I didn't feel well so I went to the hospital, I didn't report, I called on Monday because May 18th was a Friday," "the State has met its

burden of proof that [] Davidson did not report and does not give me a legally sufficient justification for not doing so when the only testimony I have is I didn't feel well so I went to the hospital." *Id.* at 52. The evidence most favorable to the court's determination without reweighing that evidence or judging the credibility of the witnesses supports its finding.

[9] Based on the evidence most favorable to the revocation, we conclude the State presented sufficient evidence from which the trial court could find by a preponderance of the evidence that Davidson violated conditions of his in-home detention and enter an order that he serve his sentence on work release.

[10] For the foregoing reasons, we affirm trial court's ruling.

[11] Affirmed.

May, J., and Mathias, J., concur.