## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2019, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Patrick Magrath
Matthew T. Bates
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alfred Mattl,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 25, 2019

Court of Appeals Case No.
18A-CR-3033

Appeal from the Ripley Superior Court

The Honorable Jeffrey Sharp, Judge

Trial Court Cause No.
69D01-1704-F6-42

**Bradford, Judge.**

# Case Summary

In November of 2018, Alfred Mattl admitted to violating the terms of his probation by committing a new felony offense, for which the trial court revoked the entirety of his previously-suspended 868-day-sentence. Mattl contends that the trial court abused its discretion in doing so. Because we disagree, we affirm.

# Facts and Procedural History

On November 28, 2017, pursuant to a plea agreement, Mattl pled guilty to Level 6 felony attempted residential entry and Class A misdemeanor invasion of privacy, for which he was sentenced to 910 days of incarceration with 868 days suspended to probation. On January 24, 2018, the State petitioned to revoke Mattl's probation, alleging that he had violated the terms of his probation by committing a new offense. On November 20, 2018, Mattl admitted to violating the terms of his probation by committing Level 5 felony battery resulting in serious bodily injury. As a result, the trial court revoked the entirety of Mattl's previously-suspended sentence.

# Discussion and Decision

Mattl contends that the trial court abused its discretion by revoking the entirety of his previously-suspended sentence.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke

probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

[4] We conclude that the trial court did not abuse its discretion by revoking the entirety of Mattl's previously-suspended sentence. Mattl violated the terms of his probation by committing a new felony offense which alone can support a revocation. *See Wilson v. State,* 708 N.E.2d 32, 34 (Ind. Ct. App. 1999) (concluding that a violation of a single condition of probation is sufficient to revoke probation). Moreover, the nature of the new offense committed by Mattl was egregious. Mattl placed both of his hands around his wife's throat, indicated that he was going to put marks on himself to confuse the police, and slammed his wife's phone against the wall to prevent her from calling for help. Finally, Mattl's criminal history demonstrates that he is a poor candidate for probation and that he has not used past probation stints to conform his actions to societal norms. Mattl has been convicted of three felonies and fourteen misdemeanors and has violated the terms of probation four times. Mattl asks us to consider his probation revocation in light of his admission, mental health and

substance-abuse issues, and the death of his fiancée in 2006. These things were already considered by the trial court, which nonetheless found them insufficient to justify giving Mattl another chance. Mattl's argument is merely an invitation for us to reweigh the evidence, which we will not do. *Luke v. State,* 51 N.E.3d 401, 421 (Ind. Ct. App. 2016), *trans. denied.* Therefore, Mattl has failed to establish that the trial court abused its discretion by revoking the entirety of his previously-suspended sentence.

[5] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.