## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2020, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Craig L. Black,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 13, 2020

Court of Appeals Case No.
19A-CR-2735

Appeal from the Vigo Superior Court

The Honorable Michael Rader, Judge

Trial Court Cause No.
84D05-1508-F6-2083

**Bradford, Chief Judge.**

# Case Summary

[1] In October of 2019, the trial court found that Craig L. Black had violated the terms of his probation and revoked the remainder of his previously-suspended four-year sentence. Black contends that the trial court abused its discretion in doing so. We affirm.

# Facts and Procedural History

[2] On February 24, 2017, pursuant to a plea agreement, Black pled guilty to Level 6 felony operating a vehicle while intoxicated with a prior conviction and admitted to being a habitual vehicular substance offender. The trial court sentenced Black to an aggregate sentence of two years of home detention and four years suspended to probation. Black successfully completed home-detention and began serving his probation. On October 16, 2018, a notice of probation violation was filed, alleging that Black had violated the terms of his probation, and this notice was amended six times thereafter due to continued violations. On October 22, 2019, the trial court held an evidentiary hearing and concluded that Black had violated the terms of his probation twelve times. In concluding such, the trial court found the following allegations in the State's sixth amended notice of probation violation to be true:

> B. [Black] failed to report for his scheduled supervision appointment on 10.3.2018 at 5:45pm. A violation of Rule #11 of [Black's] standard terms of probation.

C. On 10.22.2018, [Black] submitted a drug screen that returned positive for amphetamine, Methamphetamine and Ethyl Glucuronide and Ethyl Sulfate. A violation of Rule #8 of [Black's] standard terms of probation.

D. On 12.19.2018, [Black] submitted a drug screen that returned positive for Amphetamine, Methamphetamine and Ethyl Glucuronide and Ethyl Sulfate. A violation of Rule #8 of [Black's] standard terms of probation.

E. On 1.22.2019 at 9:00 am, [Black] failed to report to adult probation for his supervision appointment that had been rescheduled from 1.17.2019 at 9:00am. A violation of Rule #11 of [Black's] standard terms of probation.

F. On 4.4.2019, [Black] reported to adult probation after being released from jail by the court for his pending probation violation. When [Black] reported to probation, he failed to inform his probation officer that the court released him on his own recognizance with the stipulation that he be drug screened on the date of his release when he reported to adult probation. A violation of the courts direct order and that of Rule #9 of [Black's] standard terms of probation.

G. On 4.9.2019, [Black] failed to report to adult probation. The appointment was scheduled in person with [Black] on 4.4.2019, the date that the court released him from jail. A violation of Rule #11 of [Black's] standard terms of probation.

H. On 4.16.2019, [Black] submitted to a drug screen that showed positive for Amphetamine and Methamphetamine as well as Ethyl Glucuronide and Ethyl Sulfate. A violation of Rule #8.

I. On 4.25.2019, [Black] tested positive for Amphetamine, Methamphetamine, Ethyl Glucuronide and Ethyl Sulfate. A violation of Rule #8.

J. On 5.8.2019, [Black] tested positive for Amphetamine, Methamphetamine, Ethyl Glucuronide and Ethyl Sulfate. A violation of Rule #8.

K. On 5.24.2019, [Black] failed to report to adult probation "No Show No Call" as had been rescheduled on 5.21.2019. A violation of Rule #11.

L. [Black] failed to report to the adult probation department for scheduled supervision appointments on 7.15.2019 and 7.19.2019. Violations of Rule #11.

M. Black failed to report to Adult Probation on 9/10/2019.

Appellant's App. Vol. II pp. 70–71. As a result, the trial court revoked the remainder of Black's previously-suspended sentence.

# Discussion and Decision

[3] Black contends that the trial court abused its discretion by revoking the remainder of his previously-suspended sentence.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the

decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

[4] We conclude that the trial court did not abuse its discretion by revoking the remainder of Black's previously-suspended sentence. Black violated the terms of his probation by consistently failing to report to probation appointments; defying a direct court order; and screening positive multiple times for methamphetamine, amphetamine, ethyl glucuronide, and ethyl sulfate. *See Wilson v. State,* 708 N.E.2d 32, 34 (Ind. Ct. App. 1999) (concluding that a violation of a single condition of probation is sufficient to revoke probation). Moreover, Black's criminal history demonstrates that he is a poor candidate for probation and that he has not used past probation stints to conform his actions to societal norms. Black has been convicted of five felonies and fourteen misdemeanors and has had his probation revoked in prior cases. Black argues that the trial court failed to properly credit him for not having committed a new crime since 2014. While Black has not been *convicted* of a crime since 2014, all of his positive drug screens indicate that he has not stopped committing them. Black's argument is also merely an invitation for us to reweigh the evidence, which we will not do. *Luke v. State,* 51 N.E.3d 401, 421 (Ind. Ct. App. 2016), *trans. denied.* Black has failed to establish that the trial court abused its discretion by revoking the remainder of his previously-suspended sentence.

[5] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.