## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roy Buford,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 25, 2017

Court of Appeals Case No.
22A04-1610-CR-2377

Appeal from the Floyd Superior Court

The Honorable Richard G. Striegel, Senior Judge

Trial Court Cause No.
22D03-0902-FB-335

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Roy Buford (Buford), appeals the trial court's revocation of his probation and the imposition of his previously suspended sentence.

[2] We affirm.

# ISSUE

[3] Buford presents one issue on appeal, which we restate as: Whether the trial court abused its discretion by ordering Buford to serve his previously suspended sentence after he violated the terms of his probation.

# FACTS AND PROCEDURAL HISTORY

[4] On February 17, 2009, in cause number 22D03-0902-FB-00335 (FB-00335), the State charged Buford with armed robbery, a Class C felony; carjacking, a Class B felony; and auto theft, a Class D felony. On May 6, 2009, Buford entered a plea agreement with the State in which he pled guilty to the carjacking offense. The State agreed to dismiss the remaining charges. On June 23, 2009, the trial court accepted Bufford's plea and sentenced him in accordance with his plea agreement. Specifically, the trial court sentenced Buford to seventeen years in the Department of Correction (DOC); with fourteen years executed and three years suspended to supervised probation.

[5] Following his release from the DOC, on March 11, 2015, Buford was placed on probation with the Floyd County Adult Probation Department. Buford thereafter sought a transfer of his probation to Kentucky. In November 2014,

Buford failed to abide by the other terms of his probation, including failure to maintain good behavior; notify the probation department of his address; report to probation; and pay fees. On November 26, 2014, the Floyd County probation department filed a probation violation. On December 8, 2014, the State filed a petition to revoke Buford's probation. On December 19, 2014, the trial court revoked 142 days of Buford's suspended sentence and converted it into jail time. As a result, Buford was left with 938 days suspended to probation.

[6] On November 18, 2015, the Floyd County probation department filed another probation violation against Buford, alleging that he had committed new criminal offenses in Kentucky in cause number 15-F-011066, specifically, wanton endangerment in the first degree and assault in the fourth degree. On December 9, 2015, the Floyd County probation department amended the notice of probation violation adding other probation violations based on Buford's additional offenses in two unrelated cause numbers. In cause number 15-F-012089, Buford was charged with resisting law enforcement, and in cause number 15-F-018899, he had pled guilty to "Attempted Tampering with a Witness." (Tr. p. 7). On January 27, 2016, the State filed a petition to revoke Buford's probation based on the offenses committed in Kentucky.

[7] On May 2, 2016, the Floyd probation department filed an amended notice of probation violation, indicating that Buford had pled guilty to the offenses in cause number 15-F-011066, i.e., wanton endangerment in the first degree and assault in the fourth degree; and to the resisting law enforcement offense in

cause number 15-F-012089. On May 20, 2016, the State correspondingly filed an amended petition to revoke probation. On September 16, 2016, the trial court held a revocation hearing. At the close of the hearing, the trial court found that Buford had violated his probation, and ordered him to serve 938 days of his suspended sentence in the DOC.

[8] Buford now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] On appeal, Buford challenges the revocation of his probation. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). Accordingly, the trial court has discretion to set the conditions of probation and to revoke probation if those conditions are violated. *Id.* On appeal following a trial court's determination of a probation violation and imposition of sanctions, we review for an abuse of discretion. *Id.* It is an abuse of discretion if the trial court's "decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law." *Id.* (internal citation omitted).

[10] Here, the trial court did not abuse its discretion when it imposed 938 days of Buford's suspended sentence. After the State filed its initial petition to revoke Buford's probation in 2014 based on his failure to report to probation and notify the department of the change of his address, the trial court revoked only 142

days of his suspended sentence. Buford was ordered to resume probation upon his release from jail. At that time, the trial court showed leniency by not imposing the balance of his previously suspended sentence. In 2015, while on probation, Buford committed and pleaded guilty to all four of the new offenses in Kentucky.

[11] Buford argues that the new offenses committed in Kentucky, were "not particularly weighty," and the trial court abused its discretion for imposing the balance of his suspended sentence. (Appellant's Br. p. 11). Notwithstanding Buford's assertion, we note that violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). As a condition of his probation, Buford was ordered not to commit a new offense. Instead of abiding by this term, Buford committed not one, but several criminal offenses in Kentucky. In addition to violating his probation by committing new criminal offenses, Buford failed to abide by the other terms of his probation, including failure to maintain good behavior; report to probation; and pay fees.

[12] Here, the facts demonstrate Buford's disregard for court orders and the probation system. As such, we conclude that the trial court was within its discretion in to determine that Buford was not a good candidate for probation and revoking his 938-day suspended sentence in the entirety. Accordingly, we affirm the trial court's order revoking Buford's probation.

# CONCLUSION

[13]    Based on the foregoing, we conclude that the trial court did not abuse its discretion in revoking Buford's probation and imposing the balance of his previously suspended sentence.

[14]    Affirmed.

[15]    Najam, J. and Bradford, J. concur